EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
CARL BRAUN, derivatively on behalf of
ADVANCED BATTERY TECHNOLOGIES, INC.,

                              Plaintiff,

           v.

ZHIGUO FU, GUOHUA WAN, GUOPENG GAO,
HONGJUN SI, LIQUI BAI, JOHN MCFADDEN,
YULIN HAO, NING LI, SHAOQIN XIA,
SHIYAN YANG, COSIMO J. PATTI, and CHI
YUAN XUE,

                              Defendants,

and,

ADVANCED BATTERY TECHNOLOGIES,
INC.,

                             Nominal Defendant.
-----------------------------------------------------------------x

Index No. 11 Civ. 4383

**ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

**WHEREAS**, the parties have entered into a Stipulation of Settlement dated Oct-10, 2013, 2013 (the "Stipulation") providing for the settlement (the "Settlement") of the above-captioned action;

**WHEREAS**, terms and definitions contained in the Stipulation have the same use and meaning herein;

**WHEREAS**, the Parties have made an application, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the Settlement of the Action in accordance with the Stipulation and dismissing the Action with prejudice, upon the terms and

conditions set forth therein; (ii) approving the form and content of the Notice; and (iii) setting a hearing for final approval of the Settlement (the "Settlement Hearing"); and

**WHEREAS**, the Court has read and considered the Stipulation, the Notice, and the prior proceedings in the Action.

### NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Pursuant to Federal Rule of Civil Procedure 23.1(c) and by this Order, the Court hereby preliminarily approves the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action, subject to further consideration at the Settlement Hearing described below (the "Order").

2. The Settlement Hearing shall be held before the Court on December 13, 2013, at 10 A.M. at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY, 10007 to determine: (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and in the best interests of ABAT and its securities holders (as defined in Paragraph 5 below), and should be approved by the Court; (ii) whether Plaintiff's counsel's application for attorneys' fees and expenses should be granted; and (iii) whether an Order and Final Judgment should be entered pursuant to the Stipulation, approving the proposed Settlement and dismissing the Action with prejudice. The Court may adjourn the date of the Settlement Hearing or any adjournment thereof, including the consideration of Plaintiff's counsel's application for attorneys' fees and expenses, without further notice of any kind to ABAT and its shareholders (as defined in Paragraph 5 below) other than oral announcement at the Settlement Hearing or any adjournment thereof.

3. The Court approves, in form and content, the Notice attached as Exhibit A-1 to the Stipulation and hereto, and finds that publication of the Notice substantially in the manner and form set forth in Paragraph 4 of this Order meets the requirements of Federal Rule of Civil Procedure

23.1(c), due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

4. Counsel for the Parties are hereby ordered to cooperate to supervise and administer the notice procedure as more fully set forth below:

(i) Within twenty (20) days after entry of this Order, ABAT will arrange to publish the Notice on the Company's website where it will remain until 30 days after the Effective Date or termination of the Settlement;

(ii) Within twenty (20) days after entry of this Order, ABAT will file with the United States Securities and Exchange Commission a Form 8-K attaching a copy of the Notice; and

(iii) Within ten (10) days of the Settlement Hearing, the Company's counsel shall file with the Court an appropriate affidavit or declaration with respect to providing the notice described in this paragraph.

5. All ABAT shareholders as of the date of the execution of the Stipulation ("ABAT Securities Holders") shall be bound by all orders, determinations and judgments in the Action concerning the Stipulation and the Settlement.

6. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court. Pending final determination of whether the Settlement should be approved, neither Plaintiff nor any person derivatively on behalf of ABAT shall either directly, representatively, derivatively or in any other capacity, commence or prosecute against any of the Released Persons (as defined in the Stipulation), any action or proceeding in any court or tribunal asserting any of the Settled Claims (as defined in the Stipulation).

7. All ABAT shareholders may appear and show cause at the Settlement Hearing if they have any reason why the proposed Settlement of the Action should not be approved as fair,

3

reasonable, adequate and in the best interests of ABAT and ABAT shareholders why the Order and Final Judgment should not be entered, and/or why Plaintiff's counsel's request for attorneys' fees and reimbursement of expenses should be denied, *provided, however*, that, except by Order of the Court for good cause shown, no person shall be heard and no papers, briefs, pleadings or other documents submitted by any person shall be considered by the Court unless not later than twenty (20) business days prior to the Settlement Hearing such person files with the Clerk of the Court and serves upon counsel listed below: (i) a written notice of intention to appear, identifying the name, address and telephone number of the objector and, if represented, the objector's counsel; (ii) a written statement of such objector's objections to any matters before the Court; (iii) the grounds for such objections and the reasons that such objector desires to appear and be heard; (iv) proof of ownership of ABAT common stock through Oct 10, 2013, the date the Stipulation was executed, including the number of ABAT shares and the date of purchase; and (v) all documents and writings such objector desires the Court to consider. Such filings shall be served upon the following counsel:

MCLAUGHLIN & STERN, LLP
Lee S. Shalov
260 Madison Avenue
New York, New York 10016

*Counsel for the Individual Defendants
and the Company in the Derivative
Actions*


LEVI & KORSINSKY, LLP
Shannon L. Hopkins
30 Broad Street, 15th Floor
New York, NY 10004

*Counsel for Plaintiff Braun in the Action*

4

VIANALE & VIANALE LLP
Kenneth J. Vianale
2499 Glades Road, Suite 112
Boca Raton, Florida 33431

*Counsel for Plaintiff Blumka in the Blumka Action*

Such papers must also be filed with the Clerk of the Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY, 10007.

8. Unless the Court otherwise directs, no ABAT shareholder shall be entitled to object to the approval of the Settlement, any judgment entered thereon, any award of attorneys' fees and expenses, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as described in Paragraph 7 above. ABAT shareholders who fail to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in the Action or any other action or proceeding.

9. The Parties shall file any papers, including memoranda or briefs, in response to any objections no later than five (5) business days prior to the Settlement Hearing.

10. Plaintiff's counsel shall file and serve papers in support of approval of the proposed Settlement and their application for attorneys' fees and reimbursement of expenses no later than fourteen (14) business days prior to the Settlement Hearing, with any objections by parties to the application for attorneys' fees and reimbursement of expenses filed and served no later than ten (10) business days prior to the Settlement Hearing; if reply papers are necessary, they are to be filed and served no later than three (3) days prior to the Settlement Hearing.

11. If the Court approves the proposed Settlement provided for in the Stipulation following the Settlement Hearing, the Order and Final Judgment shall be entered substantially in the form attached to the Stipulation as Exhibit B.

12. The Court reserves the right to approve the proposed Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the Parties to the Stipulation without further notice to ABAT shareholders.

13. If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the Parties as provided for in the Stipulation) and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect, except for the obligation of ABAT to pay for any expenses incurred in connection with the Notice.

14. Neither the Stipulation, nor any provision contained in the Stipulation, nor any action undertaken pursuant thereto, nor the negotiation thereof by any party shall be deemed an admission or received as evidence in the Action or any other action or proceeding.

15. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to ABAT shareholders.

SO ORDERED this ___ day of _____, 2013.

_____
U.S.D.J.